UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Robert Johnson, | ) | Civil Action No. 3:24-cv-3533-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | (Jury Trial Requested) |
| United States of America, | ) | |
| (William Jennings Bryan Dorn | ) | |
| Veterans Affairs Medical Center), | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff brings this action against Defendant pursuant to the Federal Torts Claim Act, 28 USC §1346(b) (jurisdiction); 28 USC §2679(b)(1) (exclusive remedy), and alleges as follows:

1. The Plaintiff, Robert Johnson, is a resident and citizen of Leesville, South Carolina in the County of Lexington.

2. At all times mentioned herein, the United States of America, by and through its agency, the William Jennings Bryan Dorn Veterans Affairs Medical Center, owned and operated a hospital 6439 Garner's Ferry Road in Columbia, South Carolina for the benefit of military veterans and is a proper Defendant in this action pursuant to 28 U.S.C. §1346(b)(1) and may be served through Adair Ford Buroughs, the United States Attorney for the District of South Carolina at the following address: 1441 Main Street, Suite 500, Columbia South Carolina 29201.

3. Venue is appropriate in the Columbia Division of the United District Court

of South Carolina because the most substantial part of the acts giving rise to this cause of action occurred in Columbia, South Carolina.

4. On or about March 21, 2022, Robert Johnson went to the William Jennings Bryan Dorn Veterans Affairs Medical Center for a medical visit and appointment. At all times relevant, Mr. Johnson was an invitee of the William Jennings Bryan Dorn Veterans Affairs Medical Center. The Plaintiff was using a walker for ambulation. Mr. Johnson walked in a doorway which had a raised threshold which caused him to trip and lose his balance causing injuries to his body.

5. As a result of the incident, Robert Johnson suffered injuries to his body including, but not limited to his right knee, hips, right shoulder, neck and back and necessitated the need for immediate and continued medical treatment.

6. As a result of the impact, Mr. Johnson had to seek new medical treatment at the William Jennings Bryan Dorn Veterans Affairs Medical Center. Further, Mr. Johnson has experienced and will in the future experience physical pain, suffering, mental anguish, emotional distress, and impairment of health and bodily efficiency, and loss of enjoyment of life.

7. Timely and adequate administrative claim notices were sent to and received by the Office of General Counsel, U.S. Department of Veterans Affairs, on December 18, 2023 and prior to that time.

8. The Plaintiff has not received a response from the United States of America, its departments and agencies, accepting liability for the Plaintiff's claim. Plaintiff is filing this Complaint prior to the statutory deadline to file the Complaint.

9. At all times relevant, the Defendant William Jennings Bryan Dorn Veterans

Affairs Medical Center had actual and constructive knowledge of the defect and danger of the raised threshold at the Dorn Veterans Hospital.

10. At all time relevant, the Defendant William Jennings Bryan Dorn Veterans Affairs Medical Center had a duty of ordinary care to exercise reasonable or ordinary care for the safety of its invitees and to warn its invitees of any dangers present on the property of which it had actual or constructive knowledge or dangers it created or acquiesced to.

11. The Defendant William Jennings Bryan Dorn Veterans Affairs Medical Center owed a duty of ordinary care to maintain safe doorways and breached its duty of care by failing to properly maintain its doorway threshold and by failing to warn its invitees, namely Robert Johnson, that the subject doorway posed a trip hazard.

12. The Defendant United States of America, through the unsafe premises at the William Jennings Bryan Dorn Veterans Affairs Medical Center in Columbia, South Carolina on Garner's Ferry Road, was careless, negligent and grossly negligent in the following particulars:

    a. In having a raised threshold in a doorway which created a trip hazard;
    b. In not warning of a raised threshold which created a trip hazard;
    c. In having thresholds that were not safe for veterans with disabilities;
    d. In failing to properly inspect the premises to become aware of conditions that existed which would cause veterans to trip and/or fall.
    e. In failing to properly maintain the premises to create as a safe environment for patients and visitors.
    f. In failing to adequately discover and correct dangerous conditions which existed;
    g. In creating and maintain dangerous conditions which existed.

13. The Defendant United States of America and the William Jennings Bryan Dorn Veterans Affairs Medical Center owed a duty of care to Robert Johnson and other veterans to provide safe premises at its Veteran's Hospital and to warn of dangers that

existed. The Defendant breached its duty of care by its negligent actions and omissions which caused the Plaintiff to trip and become injured entering a doorway with a raised threshold. The breach of the duties owed to the Plaintiff by the Defendant combined and concurred to be direct and proximate cause of the injuries and damages suffered by the Plaintiff herein.

14. That the Plaintiff is informed and believes that the Defendant created the dangerous condition and/or that the Defendant had actual or constructive notice of the dangerous condition and acquiesced to or failed to remedy the condition..

15. All of the actions listed above combined and concurred to proximately and directly cause the injuries and damages sustained by the Plaintiff herein.

WHEREFORE, the Plaintiff prays for judgment against Defendant in a sum sufficient to adequately compensate him for his actual damages, for the cost of this action, and for such other and further relief as this court may deem just and proper.

JOHNSON, TOAL & BATTISTE, P.A.

s/Luther J. Battiste, III
Luther J. Battiste, III (Federal ID No. 1242)
1615 Barnwell Street
Post Office Box 1431
Columbia, South Carolina 29202
803-252-9700
803-252-9102 (fax)
bat@jtbpa.com
Attorneys for Plaintiff

June 14, 2024

Columbia, South Carolina